GAIDRY, J.,
dissenting in part and concurring in part.
hi respectfully disagree with the majority’s conclusion that the trial court committed manifest error when it concluded that the defendants were liable to Sandy Bel-langer for the death of her minor child, although I may have seen this differently had I been the trier of fact. While I recognize that a police officer does not need to first obtain an arrest warrant to arrest someone who has committed a felony, I do not believe this right to arrest allows a police officer to violate the Fourth Amendment of the United States Constitution and Louisiana Constitution, article 1, Section 5, and to make a warrantless entry into someone’s home unless that entry is justified under an exception to the warrant requirement (ie. consent, exigent circumstances). That being said, I do not find the warrant/warrantless entry issue to be the legal cause of the plaintiffs injuries.
The standard negligence analysis employed in determining whether to impose liability under Louisiana Civil Code article 2315 is the duty-risk |2analysis. In order for liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) actual damages. Mathieu v. Imperial Toy Corp., 94-0952, pp. 4-5 (La.11/30/94), 646 So.2d 318, 322.
We first consider the duty owed by the defendants to Typhoon Dodge and Sandy Bellanger. A police officer has a duty to the public which arises from a social contract that confers upon him the authority to enforce the laws of the city and state within his jurisdiction and subject to the order of his superior officers. The police officer’s duty is to exercise the authority conferred upon him with respect and concern for the well being of those he is employed to protect and serve. Dyer v. City of New Orleans, 96-2802, p. 5 (La. App. 4 Cir. 8/20/97), 700 So.2d 866, writ denied, 97-2347 (La.11/26/97), 703 So.2d 650.
In considering whether an officer breached the duty owed to the public, the officer’s conduct is evaluated based on its reasonableness under the circumstances. His course of conduct need only be reasonable, not ideal. Dyer, 96-2802 at p. 6, 700 So.2d at 869. The court must evaluate the officer’s actions against those of ordinary, prudent, and reasonable persons placed in the same position as the officer, with the same knowledge as that possessed by the officer at the time of the incident. The following factors should be considered: (1) the known character of the arrestee; (2) the risks and dangers faced by the officer; (3) the nature of the offense involved; (4) the chance of the arrestee’s escape if the *212 particular means are not employed; | s(5) the existence of alternative methods of arrest; (6) the physical size, strength, and weaponry of the officer as compared to the arrestee; and (7) the exigency of the moment. Mathieu, 94-0952 at p. 6, 646 So.2d at 322-28, citing Kyle v. City of New Orleans, 353 So.2d 969, 973 (La.1977).
Thus, the proper inquiry is whether, considering the Mathieu factors, the deputies exercised their authority with respect and concern for the wellbeing of others. First, the deputies knew when they went to the FEMA trailer that they were there to arrest Dodge for an aggravated battery. The deputies were all aware that Dodge had reportedly been using drugs that morning, that his behavior had been erratic and violent, and it was broad daylight. Secondly, the trailer had only two entrances, and there were three deputies present. There was no known immediate danger to anyone nor was there any ongoing crime being committed. Before entering, the deputies removed a woman and child (Bellanger and Tsunami) from the trailer. Nothing prevented the deputies from determining whether there were any other adults or children still in the trailer. After entering the trailer and seeing the child, nothing prevented the deputies from exiting and seeking a method (wait, talk, cut off utilities, etc.) to safely remove the child and/or Dodge himself. There were no exigent circumstances requiring Dodge’s immediate arrest. In failing to do so, I find that the deputies breached their duty to act reasonably to exercise their authority with respect and concern for the well being of those they are employed to protect and serve.
The next step in our inquiry is to determine whether Bellanger met her burden of establishing a factual, causal relationship between the deputies’ actions and Typhoon’s death, i.e., a cause in fact. Cause in fact is generally a “but for” inquiry; that is, if Typhoon probably would not have died but for the deputies’ substandard conduct, such conduct is a cause in fact. Roberts v. Benoit, 605 So.2d 1032, 1042 (La.1991). Stated differently, the inquiry is “[d]id the defendant contribute to the plaintiffs harm or is the defendant a cause of the plaintiffs harm?” Id. An alternative method for determining cause in fact, which is generally used when multiple causes are present, is the “substantial factor” test. Under this test, cause in fact is found to exist when the defendant’s conduct was a “substantial factor” in bringing about plaintiffs harm. Id. Under either method, it is irrelevant to the determination of cause in fact whether the defendants’ actions were lawful, unlawful, intentional, unintentional, negligent or non-negligent; rather, the cause in fact inquiry is a neutral one, free of the entanglements of policy considerations-morality, culpability or responsibility-involved in the duty-risk analysis. Id. The cause in fact inquiry is of very limited scope. To the extent the defendant’s actions had something to do with the injury the plaintiff sustained, the test of a factual, causal relationship is met. Id. Although certainly not the only cause of Typhoon’s death, the deputies’ entry into the trailer at the time, and under the circumstance of this case as set forth above, was a cause in fact of the resulting harm.
As to which bullet struck the child, the trial court noted that during the exchange of gunfire, Dodge was moving towards the deputies and away from Typhoon. Deputy Dempster was shooting in Typhoon’s general direction. Based on this evidence, the court concluded that Typhoon died as a result of shots fired by Deputy Dempster. This finding has not been shown to be clearly wrong or manifestly erroneous. Stobart v. State, Through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
*213 Having determined that the deputies’ negligence was a cause in fact of Typhoon’s death, we now must consider whether their actions were a legal cause of his death, ie., whether the injury plaintiff sustained was within the | ^contemplation of the duty discussed above. There is no “rule” for determining the scope of the duty; it is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Roberts, 605 So.2d at 1044. Clearly, the harm sought to be prevented by an officer’s duty to act reasonably in the exercise of his authority with respect and concern for the well-being of innocent bystanders is exactly the sort of harm which occurred in this case; thus the legal cause prong of the duty-risk analysis is also satisfied in this case.
The final prong of the duty-risk analysis is actual damages, which were without a doubt sustained in this case.
Thus, having found that Bellanger met her burden of proof to recover damages under Louisiana Civil Code art. 2815, we must affirm that portion of the trial court judgment awarding damages to Bellanger for Typhoon’s death.
I concur with the majority opinion reversing the judgment of the trial court on the issue of false imprisonment.